FILED
Christina Spurlock
CLERK, SUPERIOR COURT
01/25/2022  3:50PM
BY: GHOWELL
DEPUTY

Case No.: S8015CV202200079
HON. LEE JANTZEN

Jeffrey B. Miller, #009771
jeff@mkrfirm.com
**MILLER KORY ROWE LLP**
650 North Third Avenue
Phoenix, Arizona 85003
(602) 648-4045 / (602) 374-8101 (fax)
*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| RYAN MIKULA, individually; and TAMMI WILBER, individually, | NO. |
| Plaintiffs, | COMPLAINT |
| vs. | |
| COMEDY ON DECK TOURS, INC. a Nevada corporation; GARY GREIP and JANE DOE GREIP, husband and wife; JOHN DOES I–X; JANE DOES I–X; BLACK CORPORATIONS I–X; and WHITE PARTNERSHIPS I–X, | (Tort, Motor Vehicle)<br><br>(Tier 2) |
| Defendant. | |

Plaintiffs Ryan Mikula and Tammi Wilber (hereinafter "Plaintiffs"), through counsel undersigned, for their Complaint allege as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiffs are, and were at all times relevant hereto, residents of Outagamie County, Wisconsin.

2. Upon information and belief, Defendant Comedy on Deck Tours, Inc., is, and was at all times relevant herein, a Nevada corporation authorized to conduct business in the State of Arizona, and caused an event to occur in the State of Arizona from which arose the claims that are the subject of this lawsuit.

1

3. Upon information and belief, and at all times relevant hereto, Defendants Gary Greip and Jane Doe Greip, husband and wife, are residents of Clark County, Nevada.

4. Defendants Gary Greip and Jane Doe Greip, at all times relevant herein, were married, and all acts complained of herein occurred pursuant to and in furtherance of their marital communities.

5. Upon information and belief, Defendant Gary Greip was an employee, contractor, or agent of Defendant Comedy on Deck Tours, Inc., and acting within the course and scope of his agency or employment, or under the direction and control of Defendant Comedy on Deck Tours, Inc., or in the furtherance of or on behalf of business conducted by Defendant Comedy on Deck Tours, Inc., or under such other circumstances as to justify imputing responsibility to Defendant Comedy on Deck Tours, Inc. for the careless and negligent acts complained of herein.

6. Defendant Comedy on Deck Tours, Inc., is responsible for the actions of their employees, contractors, and agents under the doctrine of *respondeat superior,* as well as for their agents and ostensible agents through such agency principles. The acts and omissions of the employees, contractors, agents, and ostensible agents alleged herein, are negligent, and directly and proximately caused and/or contributed to Plaintiffs' injuries and damages.

7. The true names and capacities and relationships to the fictitious Defendants designated as "John Does I-X," "Jane Does I-X," "Black Corporations I-X" and "White Partnerships I-X" are presently unknown, but each were either jointly or severally liable with the named Defendants for the events and happenings referred to herein and proximately caused the resulting damages and injuries to Plaintiffs. The true names of these Defendants are, at this time, unknown to Plaintiffs. When their true names are ascertained, Plaintiffs will seek leave to amend this Complaint so as to name them properly.

8. All Defendants identified as corporations, or other such entities, were at all times mentioned herein, acting by and through officers, employees, agents, and representatives, who were acting within the course and scope of their employment and authority, such that these corporations or other such entities are bound by, and are vicariously liable for, the conduct of their officers, agents, employees, and representatives. Such corporations or other such entities also are directly liable for their own negligence, recklessness, and other tortious conduct in the hiring and supervision of the officers, employees, agents, and representatives whose conduct gives rise to this action.

9. All acts complained of herein occurred in Mohave County, Arizona.

10. Jurisdiction and venue of this action are proper in Mohave County, Arizona.

11. The amount in controversy exceeds the minimum jurisdiction of this Court.

12. Pursuant to Ariz. R. Civ. P. Rule 8(b)(2), the damages sought and case complexity are sufficient to qualify this matter as Tier 2 as defined by Rule 26.2(c)(3).

## GENERAL ALLEGATIONS

13. Plaintiffs incorporate as if fully stated herein the allegations of all previous and subsequent paragraphs of this Complaint.

14. On January 22, 2021, Plaintiffs engaged Defendant Comedy on Deck Tours, Inc. to take a tour of the Grand Canyon National Park.

15. Defendant Gary Greip, an employee, contractor, and/or agent of Defendant Comedy on Deck Tours, Inc., operated the tour bus on behalf of Defendant Comedy on Deck Tours, Inc.

16. As Defendant Gary Greip traveled eastbound on Diamond Bar Road, a two lane paved roadway, he failed to negotiate a right curve and entered a ditch along the eastbound lane of travel.

3

17. The Comedy on Deck tour bus continued through the ditch over brush, small trees, rocks, boulders for approximately 500 feet from where it left the roadway, and at one point became airborne for approximately 10 to 15 feet.

18. At approximately 700 feet, the tour bus turned sharply to the left in an attempt to enter the roadway. The tour bus entered the roadway at a 45 degree angle (not parallel to the road) and Defendant Gary Greip made a sharp right turn, causing the bus to flip onto its side and caused the bus to slide on its side for approximately 25 to 30 feet.

19. None of the passengers on the tour bus were instructed to or were wearing seatbelts. All 47 passengers on the bus, including Plaintiffs, were thrown around inside the bus, causing severe bodily injuries and one death.

20. Defendant Gary Greip's failure to control the Comedy on Deck tour bus resulted in a collision.

21. Due to the collision, Plaintiffs sustained serious and permanent injuries.

22. Due to the collision, Plaintiffs incurred medical expenses, and continue to incur medical expenses.

23. Defendant Gary Greip, while in the course and scope of his employment or agency with Defendant Comedy on Deck Tours, Inc., or in furtherance of or on behalf of the business for Comedy on Deck Tours, Inc., operated the vehicle in a negligent manner.

24. Defendants' negligence caused the collision.

25. Defendants' negligence caused Plaintiffs' injuries, losses, and damages.

26. Plaintiffs were not responsible for the collision.

## **FIRST CLAIM FOR RELIEF**
*(Negligence)*

27. Plaintiffs incorporates all other paragraphs as though fully set forth herein.

28. Defendants owed Plaintiffs, and the general public, the duty of care to operate a vehicle in a reasonable and safe manner.

29. Defendants breached their duty of care and were negligent.

30. Defendants' breach of their duty of care caused Plaintiffs' injuries, losses, and damages.

31. As a direct, proximate, and foreseeable result of the negligence of Defendants, Plaintiffs suffered physical and emotional injuries, past and future medical bills, and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical bills, loss of earnings and earning capacity, permanency and/or physical impairment in amounts to be determined at the time of trial.

## **SECOND CLAIM FOR RELIEF**

*(Negligence/Respondeat Superior)*

32. Plaintiffs incorporate by reference all previous allegations as though specifically set forth herein.

33. At the time of the collision, Defendant Gary Greip was acting within the course and scope of his employment/agency as an agent/employee of Defendant Comedy on Deck Tours, Inc., and in furtherance of, or on behalf of, the business conducted by Defendant Comedy on Deck Tours, Inc.

34. Defendant Comedy on Deck Tours, Inc., is vicariously liable for the acts and omissions of Defendant Gary Greip under the doctrine of *respondeat superior*.

35. As a direct, proximate, and foreseeable acts of the Defendants, Plaintiffs suffered physical and emotional injuries, past and future medical bills, and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish,

5

medical bills, loss of earnings and earning capacity, permanency and/or physical impairment in amounts to be determined at the time of trial.

### THIRD CLAIM FOR RELIEF

*(Negligence per se)*

36. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

37. At the time of the collision, the State of Arizona had statutes, ordinances, and codes to regulate traffic.

38. Plaintiffs are members of the class that the statutes, ordinances, and codes are intended to protect.

39. Defendants violated the traffic statutes, ordinances, and codes when Defendant Gary Greip failed to control the tour bus to avoid a collision.

40. Defendants' violation of the statutes, ordinances, and codes caused Plaintiffs to suffer injuries, losses, and damages against which the statutes, ordinances, and codes are intended to protect.

41. As a direct, proximate, and foreseeable result of the negligence per se of Defendants, Plaintiffs suffered physical and emotional injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, rehabilitation, therapy, and doctor bills, loss of earnings and earning capacity, permanency and/or physical impairment in amounts to be determined at the time of trial.

### FOURTH CLAIM FOR RELIEF

*(Negligent Entrustment of a Vehicle)*

42. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

43. Upon information and belief, Defendant Comedy on Deck Tours, Inc., is the owner of the commercial tour bus Defendant Gary Greip was driving at the time of the collision.

44. Defendant Comedy on Deck Tours, Inc., gave Defendant Gary Greip permission to operate the commercial tour bus at the time of the collision.

45. Defendant Gary Greip was incompetent to drive the tour bus in a safe and reasonable manner.

46. Defendant Comedy on Deck Tours, Inc., knew or should have known Defendant Gary Greip was inexperienced, incompetent, and/or unfit to drive the commercial tour bus.

47. As a result of Defendant Comedy on Deck Tours, Inc.'s negligent entrustment, Defendant Gary Greip negligently caused the collision.

48. As a direct, proximate, and foreseeable result of Defendant Comedy on Deck Tours, Inc.'s negligent entrustment, Plaintiffs suffered physical and emotional injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, rehabilitation, therapy, and doctor bills, loss of earnings and earning capacity, permanency and/or physical impairment in amounts to be determined at the time of trial.

## FIFTH CLAIM FOR RELIEF

*(Negligent Hiring, Training, Retention, and Supervision)*

49. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

50. Defendant Comedy on Deck Tours, Inc., had a duty to properly and adequately hire, train, retain, and supervise personnel under its control so as to avoid unreasonable risk of harm to the general public.

51. Defendant Comedy on Deck Tours, Inc., was responsible for the hiring, training, retaining, supervision, and control of its employees and/or agents, including Defendant Gary Greip.

52. As a direct and proximate result of Defendant Comedy on Deck Tours, Inc.'s negligent hiring, training, supervision and control of its employees and/or agents, including Defendant Gary Greip, Plaintiffs suffered physical and emotional injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, rehabilitation, therapy, and doctor bills, loss of earnings and earning capacity, permanency and/or physical impairment in amounts to be determined at the time of trial.

## SIXTH CLAIM FOR RELIEF

*(Negligent Infliction of Emotional Distress)*

53. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

54. Defendants, and each of them, negligently caused the collision and subsequent injuries to Plaintiffs.

55. Plaintiffs suffered, and continue to suffer, severe emotional distress due to the negligent conduct of Defendants, and each of them.

56. As a direct and proximate result of Defendants' negligent inflection of emotional distress, Plaintiffs suffered physical and emotional injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, rehabilitation, therapy, and doctor bills, loss of earnings and earning capacity, permanency and/or physical impairment in amounts to be determined at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, and each of them, including:

A. For special damages in an amount as found to be fair, reasonable and adequate at trial;

B. For general damages in an amount found to be fair and reasonable by this Court at trial;

C. For compensatory damages in an amount to be fair and reasonable by this Court at trial;

D. For such other sums which are reasonable and necessary to fairly and adequately compensate Plaintiffs for all past, present, and future special, general, and compensatory damages.

E. For lost wages and loss of earning capacity.

F. For Plaintiffs' costs incurred herein.

G. For damages, relief, orders, and injunctions to deter Defendants from future conduct and protect public safety; and

H. For any such other relief as the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 25th day of January, 2022.

**MILLER KORY ROWE LLP**

By: */s/ Jeffrey B. Miller*
　　Jeffrey B. Miller
　　650 North Third Avenue
　　Phoenix, Arizona 85003
　　*Attorneys for Plaintiffs*

**ORIGINAL** of the foregoing was
E-filed through www.azturbo.court.gov
this 25th day of January, 2022.

By:*/s/Kathy Anderson*